# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DAVID ZEBROWSKI, # 34161-083**                                      **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 5:11cv164-DPJ-FKB**

**UNITED STATES BUREAU OF PRISONS, ET AL.**                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [27] and related filings in this case brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. For the reasons explained below, the undersigned recommends that the motions should be granted, and that this case should be dismissed.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff is currently incarcerated for conviction of federal drug-related charges. He has a projected release date of March 6, 2018, via good conduct time. According to his filings, these claims arise from events which transpired during his time of incarceration at the Federal Correctional Complex ("FCC") located in Yazoo City, Mississippi, beginning at his arrival at the facility on June 22, 2009, through the date this action was filed, November 14, 2011.

Plaintiff filed this action under 28 U.S.C. § 1331, seeking recovery of damages against defendants pursuant to the theory of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)(allowing claims for damages against federal

1

employees for violation of constitutional rights).[1]  The myriad Defendants are current and former employees of the Bureau of Prisons ("BOP"), as well as the Bureau of Prisons.[2]  Plaintiff does not seek monetary relief, but instead seeks "justice from the unusual cruel punishment from" the defendants.

Plaintiff has alleged numerous claims in his one hundred sixteen (116) page complaint, which the Court summarizes, as follows:

> Count I: Claims of retaliation related to removal from his work assignment in September 2009;
>
> Count II: Claims of due process violations and retaliation related to a disciplinary process in November 2009;
>
> Count III: Claims related to (a) being housed with sex offenders and (b) an alleged violation of his First Amendment right to personal photographs;
>
> Count IV: Claims based on the alleged failure of the Education Department of FCC-Yazoo City to offer a special program for Black History Month;
>
> Count V: Claims based upon the BOP's alleged failure to provide rehabilitation programs for sex offenders;
>
> Count VI: Claims based upon the BOP's alleged failure to provide Kosher meals to his standards;
>
> Count VII: Claims alleging extortion of Zebrowski's inmate performance pay;
>
> Count VIII: Claims alleging that the BOP's UNICOR program amounts to slave labor;

---

[1]This action was filed when the Court severed Plaintiff's <u>Bivens</u> claims from his original case, Civil Action 5:11cv82-DPJ-FKB, in which he sought habeas relief pursuant to 28 U.S.C. § 2241 for loss of good conduct time credit and certain commissary restrictions.  In that action, the undersigned recommended denial of habeas relief and dismissal of the petition based on a specific finding that Plaintiff had not suffered any due process violation related to his loss of earned good time credit resulting from a March 1, 2011, incident report.

[2] For reasons made clear in the discussion below, the Court does not detail Plaintiff's claims against each Defendant at this point in the Report and Recommendation.

> Count IX: Claims alleging abuse of the Inmate Trust Fund Account by mismanagement and overcharging for items and services;
>
> Count X: Claims of due process violations and retaliation related to a March 1, 2011, incident report;
>
> Count XI: Claims related to confiscation of personal property; and
>
> Count XII: Claims related to Plaintiff's request to be housed in the same facility as his brothers and restoration of correspondence privileges.

In response to the petition/complaint, Defendants filed the instant motion to dismiss, or in the alternative, motion for summary judgment. In their motion, Defendants argue, inter alia, that Plaintiff has failed to exhaust administrative remedies as to a majority of his claims, and that the remaining claims should be dismissed on the merits. For the reasons explained below, the undersigned recommends that this case be dismissed without prejudice as to certain claims based upon Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, and with prejudice as to certain claims.

## II. DISCUSSION

Defendants have moved for dismissal based upon Rule 12(b) of the Federal Rules of Civil Procedure, or, in the alternative, Rule 56.[3] Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." Wells v. Bonner, 45 F.3d 90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).

---

[3] Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Thus, if the Court finds that Plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether Defendants are entitled to immunity. Id.

As mentioned above, Defendants also assert, among other defenses,[4] that certain claims in Plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies. The Court will address the unexhausted claims first.

### A. Unexhausted Claims

A review of the relevant statutory and case law on exhaustion is instructive. With the passage of the Prison Litigation Reform Act of 1996, Congress amended 42 U.S.C. § 1997e regarding exhaustion of administrative remedies by prisoners. The relevant portion of § 1997e now states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies <u>as are available</u> are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000)(emphasis added). In <u>Booth v. Churner</u>, the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. <u>Booth</u>, 121 S.Ct. 1819, 1825 (2001). In <u>Porter v. Nussle</u>, the Supreme Court reiterated its holding in <u>Booth</u> when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve

---

[4]Defendants assert that the this Court lacks personal jurisdiction over Defendants Lappin and Holt. In addition, Defendants argue that Plaintiff has failed to serve Defendants Lappin, Skipper-Scott, and Castelli, within the 120-day time limit for service as found in Fed. R. Civ. P. 4(m). The Court finds that these arguments provide bases for dismissal, but also chooses to analyze the claims under exhaustion of administrative remedies.

general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 122 S.Ct. 983 (2002). Porter informs that:

> [o]nce within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. See Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 1490 L.Ed.2d 958 (2001). All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law." Thus federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

Porter, 122 S.Ct. at 988 (some citations omitted).

With this guidance in mind, it is evident that the Plaintiff has failed to exhaust his administrative remedies as to several of his claims. Each of his unexhausted claims, with the explanation of his failure to exhaust, is listed, as follows:

> Count II: Claims of retaliation related to a disciplinary process in November 2009. In the course of pursuing his appeal of the discipline, Plaintiff failed to indicate or raise the issue that the Incident Report was issued as a form of retaliation. Docket No. 27-28 at 4, ¶ 9.
>
> Count III: Claims related to (a) being housed with sex offenders and (b) an alleged violation of his First Amendment right to personal photographs. Administrative remedy records indicate that these claims were not exhausted. Docket No. 27-28 at 3, ¶ 7.
>
> Count IV: Claims based on the alleged failure of the Education Department of FCC-Yazoo City to offer a special program for Black History Month. Plaintiff's request for remedy and subsequent appeals were all rejected for lack of compliance with filing requirements. Docket No. 27-12 at 9 to 12.
>
> Count V: Claims based upon the BOP's alleged failure to provide rehabilitation programs for sex offenders. Administrative remedy records indicate that these claims were not

5

exhausted.  Docket No. 27-28 at 3, ¶ 7.[5]

Count VI: Claims based upon the BOP's alleged failure to provide Kosher meals to his standards. Administrative remedy records indicate that these claims were not exhausted. Docket No. 27-28 at 3, ¶ 7. Further, Plaintiff fails to allege exhaustion.

Count VII: Claims alleging extortion of Zebrowski's inmate performance pay. Administrative remedy records indicate that these claims were not exhausted.  Docket No. 27-28 at 3, ¶ 7.

Count VIII: Claims alleging that the BOP's UNICOR program amounts to slave labor. Plaintiff does not allege that he even attempted to exhaust administrative remedies as to this claim, and there are no requests for administrative remedies regarding performance pay.  Docket No. 27-12.

Count IX: Claims alleging abuse of the Inmate Trust Fund Account by mismanagement and overcharging for items and services. Administrative remedy records indicate that these claims were not exhausted.  Docket No. 27-28 at 3, ¶ 7.

Count X: Claims of retaliation related to a March 1, 2011, incident report. His appeal was rejected as illegible, and his re-filed appeal did not allege retaliation. Docket No. 27-28 at 3, ¶ 10.

Count XI: Claims related to confiscation of personal property. Plaintiff fails to allege exhaustion, and Administrative remedy records indicate that these claims were not exhausted.  Docket No. 27-28 at 3, ¶ 7.

Count XII: Claims related to Plaintiff's request to be housed in the same facility as his brothers and restoration of correspondence privileges. Administrative remedy records indicate that these claims were not exhausted.  Docket No. 27-28 at 3, ¶ 7.

Plaintiff makes various arguments as to why he could not complete the administrative remedies, including unsubstantiated allegations that he could not complete the administrative process because he was threatened by officers unless he withdrew his requests for administrative remedies. He also argues the merits of his claims.  The Court has thoroughly reviewed Plaintiff's

---

[5]Furthermore, Plaintiff does not have standing to assert this claim, as he was not charged as a sex offender, and, thus, has not suffered any cognizable injury resulting from an alleged lack of programs for sex offenders.  Lewis v. Casey,116 S.Ct. 2174, 2180-2181(1996)(to have standing to sue, the plaintiff must prove an "actual injury" resulting from the officials' actions).

complaint and its attachments, the Defendants' Motion to Dismiss and supporting attachments, and Plaintiff's Response to the Motion to Dismiss and its attachments. This review shows that Zebrowski has failed to exhaust his administrative remedies with regard to the vast majority of his claims, as described above. As demonstrated by the claims which he exhausted, Plaintiff was well aware of the administrative remedy process, but failed to complete it as to each of the foregoing claims. Despite his arguments to the contrary, a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). As stated in Porter, "all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 122 S.Ct. at 988. Plaintiff has utterly failed to meet this standard as to the majority of his claims. Accordingly, the foregoing claims should be dismissed without prejudice.[6]

B. Exhausted Claims

It appears that Plaintiff has exhausted a limited number of his claims. They include:

1. Count I (retaliation in removal from his work assignment in September 2009);

2. Count II (due process claims related to the disciplinary process based on an incident that occurred November 15, 2009); and

3. Count X (due process claims related to the disciplinary process based on an incident

---

[6]Moreover, to the extent that Plaintiff raises claims against the Bureau of Prisons in Count III, Count V, and Count VIII, these claims should be dismissed as claims of constitutional violations can only be raised against individuals, not federal agencies. See FDIC v. Meyer, 510 U.S. 471, 484-486 (1994).

that occurred in March 2011).

As to Plaintiff's due process claims in Count X, the Court previously addressed these claims in the Report and Recommendation entered in Civil Action No. 5:11cv82-DPJ-FKB, finding that "[t]he record is clear that Petitioner in this case received the outlined due process." See Report and Recommendation, Docket No. 15 at 3, Civil Action No. 5:11cv82-DPJ-FKB. Accordingly, Count X is hereby dismissed with prejudice.

Because it appears that he has exhausted the remaining claims in Counts I and II, the Court will address them on the merits.

### 1. Count I: Retaliation claims

Plaintiff alleges that he was dismissed from his inmate work assignment in the Education Department in retaliation for a grievance he filed concerning alleged racism in the Education Department. He alleges that Education Department employees, Ms. Foster, Ms. Mullins, Ms. Murtagh, and Mr. Bratcher, and Office of General Counsel employee, Mr. Lappin, conspired against him to terminate him from his work assignment.[7]

The Fifth Circuit has addressed the requirements for stating a valid claim for retaliation, finding that:

> a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. The inmate must allege more than his personal belief that he is the victim of retaliation. Mere conclusionary allegations

---

[7]The Court notes that process was never issued to Foster, Mullins, and Murtagh. Defendants also assert that Lappin has never been served with a summons and a copy of the complaint. Defendants also appear to assert that the Court lacks personal jurisdiction over Lappin, as his involvement in this action is limited to responding to administrative remedies that were submitted to the Office of General Counsel for the Bureau of Prisons. See Docket No. 28 at 2, 7.

8

> of retaliation will not be enough to withstand a proper motion for dismissal of the claim. "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail.

Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999)(citations omitted). The Fifth Circuit has also held that to "state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that <u>but for</u> the retaliatory motive the complained of incident . . . would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). "The relevant showing in such cases must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). The Fifth Circuit further advises that "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." Id.

A careful examination of Plaintiff's claim shows that it fails to meet the requirements set forth by the Fifth Circuit. Zebrowski's complaint does not allege a "chronology of events from which retaliation may plausibly be inferred." Woods, 60 F.3d at 1166. Plaintiff was assigned to the position of Education Tutor in the Education Department of FCC Yazoo City from July 13, 2009, to September 30, 2009. Decl. of Gerald Bratcher, Docket No. 27-2 at 2. Plaintiff admits that he had a conflict with members of the Education staff, was removed from his position of Education Tutor, and was reassigned to Education Orderly on September 30, 2009. Docket No. 29 at 6. According to an affidavit from the Supervisor of Education at the time, Defendant Gerald Bratcher, Zebrowski was removed from the position of Education Tutor because he "had become a disruption in the Education Department and his consistent actions of attempting to

9

manipulate staff had jeopardized effective and orderly running of the inmate library." Decl. of Gerald Bratcher, Docket No. 27-2 at 3. Bratcher states that he had initially wanted Zebrowski completely removed from the Education Department, but "the Correctional Counselor that is responsible for making inmate work assignments only changed Zebrowski's job assignment from Tutor to Education Orderly." Id. at 2. Zebrowski returned an administrative grievance ("Attempt at Informal Resolution") to a counselor in an effort to regain the position of Education Tutor on October 1, 2009. Docket No. 29-1 at 2. According to Zebrowski's Inmate History Work Detail, and in keeping with Bratcher's original intent, Zebrowski was reassigned to a position outside the Education Department on October 5, 2009. Docket No. 27-3 at 2; Docket No. 27-2 at 3. Counselor Moore issued a "Response to Attempt at Informal Resolution" to Zebrowski on October 8, 2009, which stated that he was discharged because he displayed a "hostile attitude" and was "clearly attempting to manipulate staff." Docket No. 2-4. Thereafter, on October 14, 2009, Zebrowski filed a formal "Request for Administrative Remedy." Docket No. 2-6. Warden Pearson's Response states that Zebrowski was removed as tutor before Plaintiff filed his "Attempt at Informal Resolution," therefore there is no basis for Plaintiff's allegations of retaliatory or discriminatory behavior. Docket No. 29-3. Although all documentation supporting exhaustion is not in the record, the parties agree that Plaintiff exhausted his administrative remedies on this claim.

Reviewing the evidence in the record, Plaintiff's allegations are insufficient to establish that "but for" the retaliatory motive, he would not have been reassigned to another job. These acts hardly establish a "chronology of events" as envisioned by the Fifth Circuit, and, instead, Zebrowski merely presents conclusory allegations of retaliation. Moreover, Plaintiff has failed

10

to show or produce direct evidence that the defendants possessed a retaliatory motive. See Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988); see also Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

Furthermore, it appears that Zebrowski's loss of a prison job does not qualify as a "retaliatory adverse act." "Some acts, though maybe motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). The Fifth Circuit has clearly stated that a prisoner does not have any constitutionally protected liberty or property interest in particular prison job assignments that would give rise to a constitutional claim related to losing the job. See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49-51 (5th Cir.1995)(finding that "any expectation that [plaintiff] might have had in keeping his UNICOR prison job does not amount to a property interest entitled to due process protection."); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). Likewise, in this case, Zebrowski's transfer from jobs within the Education Center to a job in another section of the prison would not deter "the ordinary person from further exercise of his rights."[8] Indeed, the record of Zebrowski's numerous grievances shows that he was undeterred. Accordingly, this claim fails to rise to the level of a constitutional violation, and the Defendants are entitled to summary judgment on this retaliation claim as

---

[8]Moreover, with regard to Plaintiff's claims of retaliation, he has failed to allege that the prison officials' conduct "transcends all bounds of reasonable behavior and so 'shocks the conscience.'" See Williams v. Smith, 717 F.Supp. 523, 524 (W.D. Mich. 1989); compare Cale v. Johnson, 861 F.2d 943 (5th Cir. 1988)(inmate's accusation that prison officials planted drugs on him was conscience shocking), with Walker v. Roth, 967 F.Supp. 250 (E.D. Mich. 1997)(claims of retaliatory false misconduct reports found not egregious and not conscience shocking).

contained in Zebrowski's Count I.

### 2. Count II: Due Process Claims Related to November 2009 Incident

Plaintiff alleges that he was denied due process as a result of an incident report that was issued to him on November 15, 2009. On that date, Plaintiff was charged with violation of Disciplinary Codes 313 (Lying to Staff) and 312 (Insolence Towards a Staff Member). Docket No. 27-6 at ¶ 3. At that time, he was sanctioned with a loss of telephone and commissary privileges for a period of sixty (60) days, from November 19, 2009, to January 16, 2010.

The documents submitted by both Plaintiff and Defendants show that on November 15, 2009, Case Manager Benjie Pittman, using the English language, asked Plaintiff and other inmates, who were sitting on the top part of steel benches in a compound, to sit on the benches properly. Pittman Decl. ¶ 3, Docket No. 27-6; Plaintiff's Complaint, Docket No. 2 at 30. The accounts of the event diverge at this point, with Case Manager Pittman's version of the events recounting that Plaintiff stated he could not understand English, that he jumped from the bench and, in perfect English and with an aggressive tone, accused Pittman of harassing him. Incident Report # 1943937, Docket No. 27-7. At the time, Pittman directed Plaintiff to follow her to a nearby officer and addressed his behavior with a supervising officer, Lt. Bland. Id. Plaintiff, however, argues that he did not direct his comments to her, but directed them to his fellow inmates.[9]

Plaintiff alleges that Lt. McCraney, an investigating officer, ignored his request to

---

[9] In Plaintiff's complaint, he alleges that his comment was "Como si yo no hablara Inglish?" which he translates as "As if I don't know how to speak English?" Docket No. 2 at 30. He also states that the officer "addressed her direct order upon him as if he was an animal, not desrving [sic] any respect at all." Id. at n.6.

12

interview his witnesses or "thoroughly investigate the incident," contrary to the BOP Program Statement, and, thus, deprived him of his Due Process rights. Plaintiff also alleges that Pittman violated his "right to be free from retaliation for exercising his First Amendment rights" when he disputed Pittman's version of the events with Pittman's supervisor, Lt. Bland, prior to the issuance of the incident report. He further alleges that the Unit Disciplinary Committee that considered the evidence failed to follow proper procedure when it failed to refer the case to "DHO for further hearing." Docket No. 2 at 35.

The Unit Disciplinary Committee found that Zebrowski committed the prohibited acts of lying or providing a false statement to a staff member and insolence towards a staff member, as set forth in Pittman's report. Incident Report # 1943937, Docket No. 27-7 at 3. As a result, Plaintiff was sanctioned with a loss of commissary and telephone privileges for sixty (60) days, from November 19, 2009 to January 16, 2010. Id.

The undersigned has examined the Plaintiff's allegations and supporting exhibits, as well as the supporting affidavits supplied by the Defendants, and finds that Plaintiff did not suffer a denial of his Constitutional rights in relation to this Incident Report. Plaintiff was given a hearing and an opportunity to call witnesses, but chose not to do so. Moreover, the undersigned finds that even when reviewing the pleadings in the light most favorable to Plaintiff, Plaintiff's claims of denial of due process and retaliation should be dismissed because the sanctions imposed upon Plaintiff's commissary and telephone privileges are not "atypical" and "significant" in relation to the "ordinary incidents of prison life," the standard set forth by Sandin v. Conner, 515 U.S. 472, 486 (1995). Thus, these allegations do not rise to the level of constitutional violation, and, according to Sandin, Zebrowski has no liberty interest in keeping

13

these privileges. Id.; see also Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997)(imposition of thirty days commissary restrictions and thirty days cell restrictions constitutional); Lopez v. Reyes, 692 F.2d 15,17 (5th Cir. 1982)(prisoner has no right to unlimited telephone use); Husbands v. McClellan, 990 F.Supp. 214, 217 (W.D. N.Y. 1998)(loss of telephone, commissary, and recreation privileges for six months did not implicate liberty interest). Accordingly, Defendants are entitled to summary judgment as to all of Plaintiff's claims regarding Incident Report # 1943937 based upon the events of November 15, 2009.

### III. CONCLUSION

For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendants' Motion to Dismiss should be granted, and the complaint dismissed without prejudice as to Count II (retaliation), Count III, Count IV, Count V, Count VI, Count VII, Count VIII, Count IX, Count X (retaliation), Count XI, and Count XII. Defendants' motion for summary judgment should be granted, and the complaint dismissed with prejudice as to Count I, Count II (due process), and Count X (due process).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of January, 2013.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE