UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAVID ZEBROWSKI, # 34161-083                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 5:11cv164-DPJ-FKB

UNITED STATES BUREAU OF PRISONS, et al.                       DEFENDANTS

ORDER

This *Bivens* action is before the Court on the Report and Recommendation [31] of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge F. Keith Ball recommended granting Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [27]. More specifically, Judge Ball recommended dismissing Plaintiff's unexhausted claims without prejudice and the exhausted claims with prejudice. Zebrowski filed timely Objections [32], and Defendants declined response. The Court, having fully considered the Report and Recommendation, the parties' submissions, and the applicable law, finds that Zebrowski's Objections should be overruled and the Report and Recommendation should be adopted as the opinion of this Court.

I.   Facts and Procedural History

Plaintiff David Zebrowski, a prisoner at the Federal Correctional Complex in Yazoo City, Mississippi, is currently incarcerated on federal drug-related charges. Zebrowski, proceeding *pro se*, originally filed a petition for habeas corpus that also included 12 counts challenging various conditions of his confinement under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Zebrowski v. Longley*, No. 5:11cv82-DPJ-FKB. The Court eventually severed Zebrowski's *Bivens* claims from his habeas petition, and those *Bivens* claims were refiled in this action. Order [1] Nov. 14, 2011.

Thereafter, Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment [27]. Defendants asserted numerous bases for dismissal, including qualified immunity and Zebrowski's failure to exhaust or state a claim upon which relief may be granted. After the parties briefed the motion, Judge Ball recommended dismissing most of Zebrowski's counts without prejudice for failure to exhaust, and dismissing with prejudice the exhausted claims on the merits. Report and Recommendation [31] Jan. 30, 2013. Briefing has concluded and the Court has subject-matter jurisdiction.

II. Analysis

A. Unexhausted Claims

Under the Prison Litigation Reform Act (PLRA), prisoners must exhaust all available administrative remedies before filing civil actions challenging conditions of confinement. 42 U.S.C. § 1997e(a). This requirement applies to suits by state prisoners under 28 U.S.C. § 1983, as well as *Bivens* suits filed by federal prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). And in order to satisfactorily exhaust their claims, prisoners must comply with prisons' grievance and administrative appeal guidelines, including both deadlines and filing criteria. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). But "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010) (footnote omitted).

Judge Ball recommended dismissal without prejudice of Counts 3–9, 11–12, and the retaliation portion of Counts 2 and 10.[1] Zebrowski takes no issue with dismissal of Count 12,

---

[1] Counts 2 and 10 also included exhausted due-process claims.

and he does not directly dispute his failure to exhaust Counts 3–9 and 11, arguing instead that the exhaustion requirement should be excused. Starting with Count 4, Zebrowski apparently sought to submit a grievance for this claim, but it was rejected on more than one occasion for noncompliance with the filing requirements. *See* Defs.' Mot. [27] Ex. 12, Admin. Remedy Generalized Retrieval at 10–12. Zebrowski was required to comply with the filing requirements to exhaust his claim, and his argument that Defendants violated their own rules in rejecting his grievance is unavailing. *Woodford*, 548 U.S. at 83–84; *Dillon*, 596 F.3d at 268 ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly." (citations omitted)). Further, Zebrowski's awareness of the necessity to submit a procedurally-satisfactory grievance is evident from his resubmission of a legible grievance relating to Count 10 after prison officials rejected the first as illegible. *See* Defs.' Mot. [27] Ex. 28, Billings Decl. at 3. Thus, the Court agrees with Judge Ball that Count 4 remains unexhausted.

Turning then to Counts 3, 5–9, and 11, Zebrowski argues that there was no exhaustion requirement because interference by prison officials eliminated any otherwise "available" administrative remedies. Despite the Fifth Circuit's "strict approach" to exhaustion, statements by prison officials may in some circumstances render remedies "unavailable," and estoppel may also at times excuse a prisoner's failure to exhaust. *Dillon*, 596 F.3d at 268, 270. But as Judge Ball noted, Zebrowski raised only conclusory allegations as to the interference that caused him to withdraw his grievances. Report and Recommendation [31] at 6. Zebrowski's Objections suffer from the same flaw. *See* Pl.'s Objections [32] at 4–5, 7 n.5 (alleging that beginning on August 4,

2010, prison officials "would circumvent the whole administrative process . . . and have Defendant Hooks threaten Zebrowski with bully tactics to have him (Zebrowski) to [sic] withdraw his complaint," caused him to "withdraw his complaint from them--by any means necessary," and that they "warned [Zebrowski] not to file anymore [sic] grievances at FCC Yazoo City . . ."). And setting these deficiencies aside, the presence of numerous subsequently-filed grievances in the administrative record belies Zebrowski's contention that any interference was material. *See* Defs.' Mot. [27] Ex. 19, Admin. Remedy Generalized Retrieval at 14–30 (various administrative filings after August 4, 2010). Thus, the Court agrees with Judge Ball that Counts 3, 5–9, and 11 remain unexhausted.

That leaves Counts 2 and 10. As discussed later, Judge Ball concluded that Zebrowski exhausted the due-process portions of these counts but failed to exhaust the retaliation components. Zebrowski takes issue with the latter, arguing that the PLRA does not require him to actually assert a retaliation claim so long as he plainly asserts facts supporting a theory of retaliation. And while the PLRA does not require Zebrowski to "present a full-fledged legal theory in his grievance, his grievances must alert prison officials to a problem and give them an opportunity to address it." *Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004). The Court has reviewed the administrative records and finds that Zebrowski has failed to sufficiently exhaust his retaliation claims asserted in Counts 2 and 10. *See* Defs.' Mot. [27] Ex. 28, Billings Decl. at 3–4; *id.*, Ex. 29, Admin. Appeal of Nov. 2009 Incident; *id.*, Ex. 30, Admin. Appeal of Mar. 2011 Incident. The Court therefore agrees with Judge Ball that the retaliation claims in Counts 2 and 10 have not been exhausted. Zebrowski's unexhausted claims are all ripe for dismissal without prejudice.

B.   Exhausted Claims

Zebrowski has exhausted other claims reflected in Counts 1, 2, and 10 of his Complaint. Count 1 asserts retaliation regarding changes to Zebrowski's prison job in September and October 2009. Counts 2 and 10—to the extent they have been exhausted—raise due-process concerns involving an incident in November 2009 (Count 2) and another in March 2011 (Count 10). None survive Defendants' motion.

1.   Count 1—Retaliation

In order to state a retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations and quotations omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). An allegedly retaliatory act that fails to meet this standard is *de minimis* and will not satisfy the third element of a retaliation claim. *Id.* And a prisoner must also "establish that but for the retaliatory motive the complained of incident—such as the filing of disciplinary reports as in the case at bar—would not have occurred." *Woods*, 60 F.3d at 1166 (citations omitted).

Zebrowski's exhausted retaliation claim in Count 1 is based upon two allegedly retaliatory acts. First, Zebrowski claims that his demotion from Education Tutor to Orderly was

5

in retaliation for comments he made to a staff member. Second, he asserts a retaliatory transfer from Education to Compound Orderly based on a grievance he filed challenging his demotion. Judge Ball recommended dismissal of both aspects of the claim finding a wholesale failure to state a claim. There is no need to restate the magistrate judge's analysis, which is adopted in its entirety.

That said, Zebrowski challenges Judge Ball's reliance on Gerald Bratcher's Declaration, which noted in part that Zebrowski was demoted and transferred because his "consistent actions of attempting to manipulate staff had jeopardized effective and orderly running of the inmate library." Defs.' Mot. [27] Ex. 2, Bratcher Decl. at 3. Specifically, Zebrowski highlights the lack of a corroborating incident report and theorizes that Bratcher should have addressed additional details. Zebrowski sees retaliation given these alleged shortcomings and the temporal proximity between complaints and reassignment. But aside from his own conclusory assertions, Zebrowski has not created a material dispute of fact as to Bratcher's testimony. Further, Bratcher's reasons are corroborated by Frances Foster, the staff member directly involved in the confrontation with Zebrowski. *See* Defs.' Mot. [27] Ex. 4, Foster Decl. And in any event, Zebrowski has neither "alleg[ed] a chronology of events from which retaliation may plausibly be inferred" nor shown that the retaliatory act would not have occurred but for such retaliatory motive. *Woods*, 60 F.3d at 1166. Similarly, Zebrowski has neither objected to nor disproved Judge Ball's finding that his change in prison jobs was *de minimis*. Thus, even if Zebrowski could show retaliatory motive and causation, the Court would nonetheless find that his demotion and transfer between prison departments was *de minimis* and insufficient to "deter the ordinary person from further exercise of his rights." *Morris*, 449 F.3d at 686. To hold otherwise would allow Zebrowski to

"inappropriately insulate [himself] from disciplinary actions by drawing the shield of retaliation." *Woods*, 60 F.3d at 1166. Accordingly, this retaliation claim should be dismissed.

2. Counts 2 and 10—Due Process

Zebrowski failed to exhaust the retaliation claims in Counts 2 and 10, but he exhausted the alleged due-process violations. Nevertheless, Judge Ball recommended dismissal of the exhausted claims. Turning first to Count 10, Zebrowski asserts a due-process claim regarding loss of good-time credits following a March 2011 incident report. Judge Ball recommended dismissal of this claim for the same reasons cited in his Report and Recommendation dismissing Zebrowski's habeas petition, which was based on the identical due-process claim. For the reasons stated in that Report and Recommendation and the Order adopting it, the Court agrees that Zebrowski received due process relating to the March 2011 incident report and his due-process claim in this case should likewise be dismissed. *See Zebrowski v. Longley*, 5:11cv82-DPJ-FKB (Mar. 5, 2013) (adopting Report and Recommendation and dismissing habeas petition).

Count 2 asserts denial of due process related to the November 2009 incident report. Judge Ball recommended dismissal because (a) Zebrowski received due process when he was offered a hearing and had a chance to call witnesses, and (b) the 60-day loss of commissary and phone privileges was not constitutionally protected. Although Zebrowski has asserted numerous objections, the Court begins and ends its analysis with whether the Due Process Clause applies to Zebrowski's loss.

State law or prison regulations may create certain liberty interests protected by the Due Process Clause, but those "interests are generally limited to state created regulations or statutes

which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). Accordingly, the temporary loss of commissary and telephone privileges, among other things, does not implicate the Due Process Clause. *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns."); *see also Lewis v. Dretke*, 54 F. App'x 795, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. Dec. 11, 2002) (unpublished table decision) (finding 30-day commissary and 90-day phone restriction did not implicate protected interest).

Zebrowski concedes that this temporary loss of commissary and telephone privileges was constitutionally insignificant. Pl.'s Objections [32] at 16. Instead, Zebrowski argues that the incident report, as opposed to the sanctions, imposed an atypical and significant hardship because it contributed to the denial of Zebrowski's second request for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See United States v. Zebrowski*, No. 3:96-CR-41-JRS-3 (E.D. Va. Apr. 2, 2012 ) ("Since the Court reduced Defendant's sentence, Defendant has incurred four new prison infractions. The Court reconsiders Defendant's risk of danger to the public and he now appears to be a danger in spite of the previous grace given to him by the Court."), *aff'd*, 475 F. App'x 935 (4th Cir. 2012). A sentence-reduction decision under § 3582(c)(2) is discretionary, and courts may consider post-conviction conduct. *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.

2010). Additionally, the sentencing court did not rely solely upon this November 2009 incident report when it declined to reduce Zebrowski's sentence. Thus, Zebrowski fails to "present a case where [Defendants'] action will *inevitably* affect the duration of his sentence." *Conner*, 515 U.S. at 487 (emphasis added); *see Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (holding loss of prison job, which terminated ability to automatically earn good-time credits, did not inevitably affect duration of prisoner's sentence); *see also United States v. Johnson*, 703 F.3d 464, 470 (8th Cir. 2013) ("A § 3582(c)(2) proceeding offers no prospect of exceeding the sentence in any way, let alone in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." (citation and quotations omitted)). The Court agrees with Judge Ball that the due-process claim in Count 2 should be dismissed.

III. Conclusion

The Court overrules Zebrowski's Objections [32] and finds that the Report and Recommendation [31] of Magistrate Judge F. Keith Ball should be adopted as the opinion of this Court. Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [27] is granted and Zebrowski's unexhausted claims are dismissed without prejudice and his exhausted claims are dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2013.

             s/ *Daniel P. Jordan III*
             UNITED STATES DISTRICT JUDGE